VICKERY, P. J., concurs.
SULLIVAN, J., not participating.

WICKHAM *v.* WICKHAM.

(Decided March 24, 1930.)

*Mr. John Schlatter,* for plaintiff in error.
*Mr. Edwin J. Lynch,* for defendant in error.

WILLIAMS, J. This is an error proceeding in which plaintiff in error, Anna E. Wickham, seeks a reversal of a judgment granting her a divorce from her husband, the defendant Charles M. Wickham, and making an allowance of alimony. The plaintiff filed his petition in the court below, in which he alleged extreme cruelty toward him on the part of his wife, and prayed for a divorce. The defendant filed an answer in which she denied the claims of the plaintiff and averred that he had been guilty of adultery at various times. She also accused him of "gross and confirmed habits of intoxication" and averred that he "was quarrelsome and abusive and guilty of cruel and inhuman treatment toward the defendant." The defendant, however, did not pray for either divorce or alimony. Upon the conclusion of the trial the court in deciding the case stated, in substance, that although the defendant was not asking for a divorce he would grant her one. Thereupon the defendant said she did not want it, and her counsel stated that she had not asked for a divorce, but the court nevertheless granted it to her and awarded her a $1,000 mortgage covering the real estate, or, in lieu thereof, $1,000 in cash to be paid by plaintiff, together with the amount of accrued interest on the mortgage, if any.

It seems that an agreement for immediate separation had been entered into between the parties, and except for the allowance above named that agreement was permitted, by the trial court, to remain in force.

The trial judge stated that because of misconduct on his part the plaintiff was not entitled to a divorce. It is apparent, however, from the further statements of the learned judge, incorporated in the bill of exceptions, that he was of the opinion that the parties could no longer live together, and that the defendant should be granted a divorce from her husband on the ground of willful absence, although she did not plead that ground and did not want a divorce.

In our judgment the action of the trial court constituted prejudicial error. The innocent contracting party has a right to condone the wrong of his or her spouse and permit the marriage relation to remain in force, and where the spouse that is so forgiven refuses to live in the marriage state the innocent party is not compelled to get a divorce; nor has a trial court a right to force a divorce upon the innocent party who does not desire it, and especially is it true that such an innocent party cannot be compelled, against conscientious scruples, to submit to a divorce for the wrong of the other party.

For the error referred to, the judgment of the court of common pleas will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

LLOYD and RICHARDS, JJ., concur.